UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMMIE E. PHILLIPS, SR.

       Plaintiff(s),                            No. C 04-00285 PJH

    v.                                    **TRIAL RULES AND PROCEDURES**

CITY OF RICHMOND

       Defendant(s).

_____/

In order to ensure the orderly and efficient presentation of the evidence at trial, the parties shall adhere to the following rules and procedures unless specifically ordered otherwise by the court.

    1.    <u>EXHIBITS</u>

The Case Management and Pretrial Order requires that all exhibits be **premarked** and **tabbed**, and that at least two sets of the exhibits be submitted prior to the pretrial conference. One of these sets of each parties' exhibits will be placed on the witness stand for use by each witness during direct and cross-examination.

However, for cases in which the number of exhibits from any party exceed one hundred, all parties shall **additionally** prepare separate binders containing the exhibits that will be used during the direct and cross examination of each witness. Binders shall be provided to each witness, to opposing counsel and to the court as each witness is called to testify.

With regard to those exhibits not included in the pretrial exchange (e.g. rebuttal exhibits), the parties shall have sufficient copies for the witness, opposing counsel and the court at the time of their introduction. Exhibits to be used for demonstrative (illustrative) purposes only will not be admitted as evidence and shall be shown to opposing counsel at least 24 hours prior to their use at trial. Exhibits about which no testimony is elicited at trial, will not be admitted as evidence.

    2.    <u>WITNESSES</u>

1   (a) Counsel shall have their witnesses review, prior to taking the stand, all exhibits
2   which counsel intends to question the witness about during direct examination.
3   (b) Only one lawyer for each party may examine any one witness.
4   (c) Counsel shall not approach a witness without first obtaining leave of court.
5   (d) Counsel shall refrain from eliciting testimony regarding undisputed facts set forth
6   in the parties' Pretrial Statement(s). If the case is being tried before a jury, the court will read the
7   undisputed facts from the Pretrial Statement(s) at the appropriate time as determined by counsel.
8   (e) If counsel intends to have a witness either draw diagrams, or put markings on visual
9   exhibits or diagrams prepared by the party calling the witness, the witness shall do so <u>before</u>
10  taking the stand. Once on the stand, the witness shall adopt the diagrams and/or markings and
11  explain what they represent. If the diagram or visual exhibit is prepared by the opposing party,
12  the witness shall not make any markings on the diagram or exhibit unless requested to do so by
13  the opposing party.
14  (f) Counsel are expected to have sufficient witnesses ready to testify each trial day.
15  Any gaps in trial time occasioned by the failure to have a witness ready shall be counted toward
16  the party's allocated trial time in cases where the parties have been allocated a specific amount
17  of trial time pursuant to Fed. R. Civ. Pro. 16(c)(15) and <u>General Signal v. MCI
18  Telecommunications Corp.</u>, 66 F. 3d 1500 (9th Cir. 1995). Counsel are expected to cooperate
19  with each other in the scheduling and production of witnesses. Witnesses may be taken out of
20  order if necessary. Every effort shall be made to avoid calling a witness twice.
21  (g) When the court recesses each day, counsel shall inform opposing counsel of which
22  witnesses counsel intend to call during the next trial day.
23  3. <u>DEPOSITIONS</u>
24  The deposition of an adverse party may be used for any purpose. It is unnecessary to ask
25  the witness if he/she recalls it or otherwise lay a foundation. Simply identify the deposition, page
26  and line numbers, and read the relevant portion. Opposing counsel may then immediately ask
27  to read any additional testimony that is necessary to complete the context.
28  The deposition of a witness not a party may be used for impeachment or if the witness is
    unavailable as described in Fed. R. Civ. P. 32(a)(3). For impeachment, first allow the witness to

read to him or herself the designated portion and then simply ask if he/she gave that testimony, and then read it out loud. Opposing counsel may immediately ask to read additional testimony necessary to complete the context.

If a deposition is introduced because a witness or party is unavailable, do not offer the deposition wholesale; rather, counsel shall only offer copies of the relevant portions. The relevant portions may be read into the record (jury trials) or may be submitted to the court for its review (court trials). If submitted rather than read, the submission shall be joint and shall contain a list of the excerpts selected by each party, objections if any, and the highlighted portions of the transcript.

4.   <u>OBJECTIONS</u>

To make an objection, counsel shall rise, say "objection," and briefly state the legal ground (e.g. "hearsay," "irrelevant"). There shall be no "speaking objections" or argument from either counsel unless requested by the court.

5.   <u>SIDEBARS</u>

Bench conferences during jury trials will be permitted only for truly extenuating circumstances. All matters of substantial evidentiary importance must be raised by motion in limine so that they may be resolved prior to trial. Disputes regarding witnesses or exhibits will be resolved, to the extent possible, at the pretrial conference. If any other disputes will be addressed either before the trial day commences, during a recess, or at the end of the trial day. Counsel are expected to assist the court in ensuring that there is a minimum amount of "down time" for the jury. Trial hours will be between 8:30 a.m. and 1:30 p.m. with two fifteen minute breaks, unless otherwise ordered by the court.

6.   <u>MOTIONS</u>

After trial commences, no written motions shall be filed except with leave of court.

IT IS SO ORDERED.

Dated: June 9, 2005

PHYLLIS J. HAMILTON
United States District Judge