UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMMIE E. PHILLIPS, SR.,

    Plaintiff,

    v.

CITY OF RICHMOND, et al.,

    Defendants.
_____/

No. C 04-0285 PJH

**SUPPLEMENTAL FINAL PRETRIAL ORDER**

Before the court are several motions and objections pertaining to the court's ruling on certain pretrial matters.

**Witnesses**

Defendants object (docket # 46) to plaintiff's witness list (docket # 37), which was timely filed, and to his supplemental witness list (docket # 42), which was not timely filed having been filed the day before the pretrial conference rather than twenty days before the conference as ordered, on the basis that many of the listed witnesses were not timely disclosed pursuant to plaintiff's initial disclosure obligations and continuing duty to supplement. Plaintiff argues (docket # 50) that his first witness list, which was filed in accordance with this court's order, was tantamount to a supplementation of his initial disclosures, and asserts further that any failure on his part was harmless as the defendants were aware of the identity and relevance of these witnesses. Plaintiff makes the same argument essentially with respect to his supplemental witness list.

While the court does not agree that filing a witness list twenty days before the pretrial conference obviates the need of a party to supplement his disclosures as the information is

1  gathered during discovery, because many of these witnesses are also on defendants' witness
2  list and because they are for the most part, employees of defendant, the court OVERRULES
3  defendants' objections to plaintiff's timely filed witness list.  However, with respect to plaintiff's
4  supplemental witness list, the court SUSTAINS the objection, and none of those witnesses
5  may be called in plaintiff's case-in-chief, plaintiff having failed to provide a reason, much less
6  good cause for his failure to timely file the list or to request leave to supplement his list.  With
7  regard to the one witness on the supplemental list whom plaintiff claims to have discovered
8  after filing his original list, the court similarly finds the request unsupported by declaration or
9  other evidence, and sustains it as well.

10  No witnesses who were not listed on the original list of either party will be permitted to
11  testify, and the court will entertain no further requests on this issue.

**Exhibits**

13  Plaintiff untimely filed two supplemental exhibit lists (docket # 41 and 44) on the day
14  before the pretrial conference.  As neither the court nor defense counsel had any opportunity
15  to even read the lists before the pretrial conference, the untimely filings were ordered stricken
16  in the final pretrial order.  Pending before the court is plaintiff's motion for reconsideration on
17  this issue (docket # 58), which is noticed for hearing on October 19, 2005.  The hearing date
18  is VACATED.  Defendants' opposition is due September 28, 2005, after which the matter will
19  be decided on the papers.  As the court does not permit reply briefs for motions in limine and
20  as a pretrial conference has already been held, **no reply may be filed and no hearing will**
21  **be held.**

22  Additionally, the court has received yet another motion in limine filed by plaintiff (docket
23  # 59), to exclude defendants' exhibit number 31.  As the date for motions in limine has long
24  passed, the court is not inclined to entertain this motion.  However, a perusal of the documents
25  suggests that this motion might be related to the subject of the motion for reconsideration.
26  Accordingly, defendants may oppose the motion by September 28, 2005.  **No reply may be**
27  **filed and no hearing will be held.**

28  No additional motions may be filed in this case without leave of court.  The final pretrial

order permits the parties to file no later than one week before trial, any stipulation regarding the admissibility of exhibits, any additional voir dire questions on the subject of race or gender, a joint form of verdict, and a joint set of case specific jury instructions, with no more than six disputed instructions.  Any additional filings will be stricken by the court.

As the parties have agreed to a trial date that affords seven rather than eight days for trial, the time limits for each side are reduced to ten hours, instead of twelve for direct and cross examination.

**IT IS SO ORDERED.**

Dated: September 19, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge