UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMMIE E. PHILLIPS, SR.,

    Plaintiff,

    v.

CITY OF RICHMOND, et al.,

    Defendants.
_____/

No. C 04-0285 PJH

**ORDER RE OBJECTIONS TO BILL OF COSTS**

    Following a defense verdict in the above-entitled action, defendants City of Richmond and former Police Chief Joseph Samuels submitted their bill of costs, seeking a total reimbursement of $6,757.07. Plaintiff objects to the bill of costs, arguing that under Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978), costs should be awarded to a prevailing defendant in a civil rights case only where the plaintiff's claims are frivolous, unreasonable, or without foundation. Plaintiff argues that the record in this case does not support a finding that his claims were frivolous, unreasonable, or without foundation. Plaintiff concedes that the court has the discretion to award costs under 28 U.S.C. § 1920, but submits that to do so in this case would render the Christiansburg test meaningless.

    Plaintiff also objects separately to one of the items on the bill of costs – the request for payment of $2,877.32 for airfare and room & board for defendant Samuels, in connection with his appearance at the trial. Plaintiff contends that under Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998), the costs claimed with respect to Samuels are not taxable under the relevant statutes and case law, because Samuels was a defendant and expenses of witnesses who are parties are not taxable.

In reply, defendants argue that the court has discretion to award costs to the prevailing party, and that under Federal Rule of Civil Procedure 54, costs are allowed "as of course" to the prevailing party unless the court otherwise directs. Defendants assert that the "as of course" language has been interpreted as creating a presumption in favor of the award of costs to the prevailing party, but also as reserving for the district judge the discretion to deny costs in appropriate circumstances. They contend that under this standard, the losing party bears the burden of overcoming the presumption by affirmatively showing that the prevailing party is not entitled to costs.

Defendants argue that in this case, there is no dispute that defendants prevailed on all counts. They contend that the fact that the plaintiff may have litigated in "good faith" is not sufficient to defeat the presumption in favor of an award of costs. They argue that to hold otherwise would frustrate the operations of Rule 54, as most cases are filed and litigated in "good faith." They contend that plaintiff has shown no good reason why costs should be denied – arguing that to deny costs would be to penalize defendants following their complete defense verdict at trial. They also assert that the fact that there was a complete defense verdict shows that plaintiff's claims were "without foundation," sufficient to satisfy the Christiansburg standard, as set forth in plaintiff's objection.

With regard to Samuels' status as a party/witness, defendants contend that Samuels' trial attendance was mandated by the subpoena, and that a costs award is authorized to reimburse a witness' reasonable travel and lodging expenses. They argue that 28 U.S.C. § 1920 makes no distinction between party and non-party witnesses, and claim that a judge in the Eastern District of California recently awarded costs to the prevailing party who subpoenaed opposing parties to testify at trial. In support, they cite a recent decision from the Eastern District of California, Hughes v. City of Stockton, 2005 U.S. LEXIS 26438, at *2-4 (E.D. Cal. Nov. 2, 2005).

The court finds that the objection as to the expenses claimed for Samuels must be SUSTAINED, and that the objection as to the remaining costs must be OVERRULED. Plaintiff's objections, though not particularly well presented, raise two questions. First,

1 does the standard applied in motions for fees and costs under 42 U.S.C. § 1988 apply to an
2 application for costs by a prevailing defendant, even where the defendant has not made an
3 application under § 1988?  Second, if Rule 54 applies in such a case, rather than
4 § 1988, can a party claim, as "costs," reimbursement for expenses incurred in connection
5 with its own appearance at trial?

<u>Whether § 1988 applies in this case</u>

The primary issue is whether Rule 54 or § 1988 applies in this case. As stated above, Rule 54(d)(1) provides that "costs . . . shall be allowed as of course." However, the same subsection also provides that costs shall be allowed "as of course," "[e]xcept when express provision is made either in a statute of the United States or in these rules." Fed. R. Civ. P. 54(d)(1). In other words, when the federal statute forming the basis for the action has an express provision governing attorney's fees and costs, that provision controls over the federal rules. <u>Brown v. Lucky Stores, Inc.</u>, 246 F.3d 1182, 1189-90 (9th Cir. 2001).

Here, plaintiff alleged federal claims under both Title VII and 42 U.S.C. § 1983. Title VII permits courts to award the prevailing party in an employment discrimination case "a reasonable attorney's fee . . . as part of the costs." 42 U.S.C. § 2000e-5(k). In addition, the Supreme Court has held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." <u>Christiansburg</u>, 434 U.S. at 421; <u>see also</u> <u>EEOC v. Bruno's Restaurant</u>, 13 F.3d 285, 287 (9th Cir.1993).

Under 42 U.S.C. § 1988, the court may award "a reasonable attorney's fee as part of the costs" to the prevailing party in an action brought under 42 U.S.C. § 1983. <u>See</u> 42 U.S.C. § 1988(b). As with Title VII cases, the court may award attorney's fees to a defendant prevailing in a § 1983 action only if the plaintiff's action was "frivolous, unreasonable, or without foundation." <u>See</u> <u>Hyland v. Wonder</u>, 972 F.2d 1129, 1143 (9th Cir. 1992) (citing <u>Christiansburg</u>, 434 U.S. at 421).

The Ninth Circuit has also ruled, however, that while a prevailing defendant in a civil

rights action is entitled to attorney's fees if the plaintiff's claims were frivolous, the defendant is entitled to recover costs "as a matter of course" under Fed. R. Civ. P. 54(d) as in any other action. National Org. for Women v. Bank of California, 680 F.2d 1291, 1294 (9th Cir.1982).

Thus, the objections are OVERRULED as to the remaining costs, as there is a presumption under Rule 54 that the prevailing party is entitled to costs. Defendants have not sought attorney's fees, and the Christiansburg rule with regard to applications by prevailing defendants for fees and costs therefore does not apply.

### Recovery of witness expenses by party

Under Rule 54(d), the fees of witnesses are ordinarily proper items of costs and, unless otherwise directed by the court, are taxed in favor of the prevailing party. Various aspects of witness fees are controlled by various statutes in Title 28 of the U.S. Code. The general authority for awarding "fees and disbursements" for witnesses is contained in 28 U.S.C. § 1920(3), and generally, costs not listed in § 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987). Section 1821 governs the attendance ($40/day), mileage (same as travel allowance for federal employees), and subsistence allowance to be paid to witnesses who must appear at trial or be deposed.

The awarding of witness fees as taxable costs under Rule 54 is a matter addressed to the discretion of the district judge. See 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, § 2678 (2005). The general rule is that the expenses of witnesses who are themselves parties are normally not taxable. Evanow v. M/V Neptune, 163 F.3d at 1118; see also 10 Wright, Miller & Kane, § 2678.

The reasoning in the case cited by defendants – Hughes v. City of Stockton – is not persuasive. The Hughes court ruled that the fact that some of the witnesses that the City of Stockton subpoenaed were not called to testify at trial did not mean that their expenses were not compensable, because such witnesses were "entitled to compensation for their readiness to testify, and costs are recoverable on that basis." In support, the Hughes court

cited Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago, 38 F.3d 1429 (7th Cir. 1994).

In Haroco, the issue was whether the awarding of costs (witness fees) for attendance of one of the parties at his deposition was proper.  The Seventh Circuit noted that "[t]he general rule . . . is that 'parties may not normally collect witness fees'" (citing another Seventh Circuit case), and ruled that the award of fees was not proper.  Addressing a second, different, objection – whether the court had abused its discretion by awarding fees paid to non-party witnesses who were subpoenaed and given notices of deposition, but whose depositions were never taken – the Seventh Circuit held that the district court had not abused its discretion, because the witnesses were being compensated for their availability and readiness to testify at the depositions.

The second ruling was independent of the first, as the first applied to parties, and the second applied to non-party witnesses.  Thus, Haroco does not support the position taken by defendants herein.  Moreover, the plain rule stated in Evanow indicates that it would not be proper for this court to allow defendants to recover costs for the expenses incurred by defendant Phillips in connection with his appearance at trial.

The court will refer defendants' bill of costs to the Clerk of the Court, with instructions to disallow the costs claimed in connection with Samuels' appearance at trial.

**IT IS SO ORDERED.**

Dated: May 12, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

5